**Carnell W. HULL, Appellant,**

**v.**

**H. G. SMITHY COMPANY, a corporation, Appellee.**

**No. 4231.**

District of Columbia Court of Appeals.

Submitted May 20, 1968.

Decided July 24, 1968.

---

Andrew W. Carroll, Washington, D. C., for appellant.

Edward C. O'Connell and Louis M. Kaplan, Washington, D. C., for appellee.

Before MYERS, KELLY and FICKLING, Associate Judges.

PER CURIAM.

Appellant sued to recover from appellee damages for injuries sustained when he slipped on the steps of the apartment building where he resided. His complaint alleged that appellee's agent, the janitor of the apartment building, had negligently permitted a cleaning substance to remain on the stairway leading to the lobby, and this caused appellant to fall.

At trial only appellant and his medical witness testified. Appellee offered no evidence and moved to dismiss the complaint on the ground that appellant had failed to introduce any admissible evidence that there existed a dangerous condition caused by appellee. Specifically in issue was the admissibility of certain statements by the janitor and the resident manager.

After submission by counsel of legal memoranda and after oral argument thereon, the trial judge dismissed the complaint, ruling that:

> * * * the plaintiff [appellant] has not carried the burden of proof which is the first requisite of establishing liability * * * that the two individuals whose testimony he relies on were agents or employees of the defendant Smithy [appellee] or that they had any right to speak or to make the utterances which they did make * * *.

In view of this disposition, the trial judge did not reach the question of the admissibility of the statements made.

We have reviewed the transcript of the testimony in the light of the trial judge's ruling, and find no error. The record is devoid of any evidence establishing appellee's relationship to the janitor and the resident manager or to the apartment building where appellant fell. It was not shown who owned or managed the building or who hired or supervised the custodial personnel. Because appellant failed to carry the burden imposed upon him to prove an essential element of liability entitling him to recover from appellee, the trial judge properly dismissed the complaint.

Affirmed.